**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| **MAX STESEL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case 08 CV 2895** |
| | ) | |
| **MEIR DUBINSKY and CLEAR IMAGE** | ) | **Hon. Robert Gettleman** |
| **MEDIA GROUP, INC., an Illinois Corp.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT CLEAR IMAGE MEDIA GROUP, INC.'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, CLEAR IMAGE MEDIA GROUP, INC. ("CIMG"), by and through its

attorney, Elizer & Meyerson, LLC, pursuant to Federal Rule of Civil Procedure 12(b)(6) moves

to dismiss Plaintiff's Complaint.  In support thereof, CIMG states as follows:

**INTRODUCTION**

Plaintiff, Max Stesel, seeks recovery from CIMG for capital contributed to a business venture

purportedly with the Defendants under several theories of liability including, breach of contract,

fraud, securities violations and use of the federal RICO statute civil provisions.[1]

CIMG responds that Plaintiff's Complaint should be dismissed against it for the following

reasons:  Count I (Breach of Contract) because the letter Agreement that is at the center of this

lawsuit is ambiguous as to whether CIMG is even a party to the Agreement, and even if so,

CIMG, being an S-corporation for tax purposes cannot own shares  in other S-corporations,

thereby making the Agreement null and void; Plaintiff's prayer for punitive damages in Count I

(Breach of Contract) of his Complaint is improper; Count II (Fraud) is directed to CIMG's co-

defendant Meir Dubinsky, and does not appear to be directed at CIMG; Counts III (Civil

---

[1] Co-defendant, Meir Dubinsky, one of CIMG's principals, filed for bankruptcy protection on July 20, 2008, Case No. 08-18613, pending before the Honorable Jack B. Schmetterer.

Conspiracy) and Count V (Civil RICO violations) should be dismissed because an agent cannot conspire with its principal; and Count IV should be dismissed because an essential element of the Securities and Exchange Act of 1934 Sec. 10b-5 has not been alleged.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6) a claim may be dismissed if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (*quoting Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)).  In reviewing a motion to dismiss, a district court's review is limited to the four corners of the complaint. *Gomez v. Illinois State Bd. of Ed.*, 811 F.2d 1030, 1039 (7th Cir. 1987).  The court should take the well-pleaded factual allegations of the complaint and view them, as well as reasonable inferences drawn from them, in the light most favorable to the Plaintiff.  *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).  Nevertheless, a district court should not strain to find inferences not plainly apparent from the face of the complaint.  *Hishon*, 467 U.S. at 73.  Furthermore, it should be noted that "litigants may plead themselves out of court by alleging facts that may establish defendants' entitlement to prevail." *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998).

## LEGAL POINTS AND DISCUSSION

The Agreement between Plaintiff and CIMG, attached to Plaintiff's Complaint as Exhibit B, ¶7, sets forth that "[t]his Agreement shall be governed by the laws of the State of Illinois." *Id.*

**A.  The Agreement is ambiguous as to whether CIMG is a party to it, and even if held so, CIMG cannot legally contract to form and own S-Corporations.**

Illinois law makes clear that any ambiguity in a contract is construed against the drafter of said contract.  See *Jane Yates v. Farmers Automobile Insurance Association*, 311 Ill.App.3d

797, 800-801, 724 N.E.2d 1042 (5th Dist. 2000)(citations omitted); see also *United Services Automobile Association v. Margaret B. Dare, et al.*, 357 Ill.App.3d 955, 830 N.E.2d 670 (1st Dist. 2005).

In the case at bar, the Agreement is directed to co-defendant Meir Dubinsky ("Dubinsky") and appears to be signed by Dubinsky in his personal capacity and not on behalf of CIMG. See.*Plaintiff's Complaint*, Ex. B. Moreover, there is no provision in the text of the Agreement that requires CIMG to do anything. The Agreement clearly requires Dubinksy himself to advance a certain business agenda. Paragraph 1 of the Agreement states "[y]ou are the owner of Clear Image Media Group, Inc. and you are planning to ….." *Id.* at ¶1. Paragraph 2 of the Agreement states "[y]ou plan to purchase three (3) ad trucks…" *Id.* at ¶1. There is nothing in the Agreement reflecting that the "you" set forth in the various paragraphs of the Agreement is anyone other than Dubinsky.

There does not appear to be any privity of contract between Plaintiff and CIMG, and therefore, Count I of Plaintiff's Complaint should be dismissed to the extent it relates to CIMG.

Assuming *arguendo,* that this Honorable Court finds that a contract exists between Plaintiff and CIMG, the contract is null and void because CIMG, as an S-corporation cannot own any shares of any other S-corporations. Paragraph 3 of the Agreement requires the formation of three (3) separate S-Corporations for each advertising truck purchased. *Id.* at ¶3. The Illinois Business Corporation Act codified at 805 ILCS § 5/2.05, sets forth that a corporation can be an incorporator of another corporation. However, CIMG, had elected to be treated as an S corporation for tax purposes pursuant to the Internal Revenue Code codified at 26 U.S.C. § 1361. Generally, a corporation (whether a C-Corporation or an S-Corporation) cannot be a shareholder of an S-Corporation. See 26 U.S.C. § 1361(b)(1)(B). Therefore, only Dubinsky could have an

ownership interest in the three (3) separate S-Corporations required to be formed and maintained pursuant to the Agreement, not CIMG.

It is well settled law in both federal and state court that contracts that violate the law are null and void.  <u>See</u> *Comdisco v. United States*, 756 F.2d 576 (7th Cir. 1985); *Illinois State Bar Association Mutual Insurance Company v. Coregis Insurance Company*, 821 N.E.2d 706 (1st Dist. 2004).  Here, the Agreement would require CIMG to form, and presumably own, three separate S-Corporations, which is a violation of the federal tax laws codified in the Internal Revenue Code. Since the underlying Agreement would have required CIMG to violate federal tax laws, said Agreement is null and void as it relates to CIMG.

**B.  <u>Plaintiff's prayer for punitive damages in Count I of his Complaint is misplaced.</u>**

Count I of Plaintiff's Complaint sets forth a breach of contract theory of recovery against CIMG.  In *Morrow v. L.A. Goldschmidt Associates, Inc.* , 112 Ill.2d 87, 94 (1986), the Illinois Supreme Court reaffirmed longstanding precedent that punitive damages are not recoverable in breach of contract actions, even if the breach was willful.  The exception to this precedent is if the conduct causing the breach constitutes an independent tort.  *Id.* at 95.  Here, although Plaintiff alleges several allegations of fraud elsewhere in the Complaint, the conduct alleged in Count I is merely contractual breach, and therefore, punitive damages are unavailable in relation to Plaintiff's breach of contract theory of recovery.

**C.  <u>Count II of Plaintiff's Complaint appears to be directed to Dubinsky only and not CIMG.</u>**

Count II of Plaintiff's Complaint alleges fraud against Dubinksy and does not appear to be directed at CIMG.  Therefore, CIMG has not moved to dismiss Count II nor has it answered said count.  If this Court determines that Count II is directed at CIMG, CIMG prays for a

reasonable period of time within which to answer said allegations.

### D. Count III (Civil Conspiracy) and Count V (Civil RICO) should be dismissed because an agent cannot conspire with its principal.

Count III of Plaintiff's Complaint sets forth an allegation of civil conspiracy to commit fraud between CIMG and Dubinsky. Count V alleges a purported violation of the civil RICO provisions codified at 28 U.S.C § 1963(b).

Paragraph 2 of Plaintiff's Complaint sets forth that Dubinsky is the president of CIMG. Further, Plaintiff repeatedly alleges that Dubinsky would act on behalf of CIMG. See *Plaintiff's Complaint*, ¶11, etc.

In *Buckner v. Atlantic Plant Maintenance, Inc.*, 182 Ill.2d 12, 18 (1998), the Illinois Supreme Court held that in order to state a claim for civil conspiracy, "a plaintiff must plead a combination of two or more persons for the purpose of accomplishing by concerted action either an unlawful purpose or a lawful purpose by unlawful means." (citation omitted). The *Buckner* court further stated that "because the acts of an agent are considered in law to be the acts of the principal, there can be no conspiracy between a principal and agent." *Id.* at p. 18. Recently, the court in *McCready v. Title Services of Illinois, Inc.*, 2008 U.S. Dist. LEXIS 46520 (N.D.Ill. June 16, 2008), stated that [t]here can generally be no conspiracy between a corporation and its agents because both share a unity of interest." *Id.* at p. 10.

In the case at bar, Plaintiff's conspiracy and civil RICO theories of recovery are predicated on a purported conspiracy between Dubinsky and CIMG. Plaintiff alleges that Dubinsky was acting as CIMG's authorized agent. However, as the case law makes clear Dubinsky, as CIMG's agent, cannot conspire with himself. Dubinsky and CIMG have a unity of interest and are not separate "persons" for purposes of establishing a conspiracy. In other words, two or more persons were not involved in the purported conspiracy in this matter.

Therefore, Counts III and V of Plaintiff's Complaint should be dismissed.

**E.  Count IV does not set forth an essential element of the Securities and Exchange Act of 1934 §10-b5,**

A violation of Section 10b-5 of the Securities and Exchange Act of 1934 requires "the use of any means or instrumentality of interstate commerce or the mails or of any facility of any national securities exchange."  See 17 CFR 240.10b-5.   Count IV alleges no instrumentality of interstate commerce, use of the mails or of any facility of any national securities exchange in relation to any alleged securities act violation.  Therefore, Count IV should be dismissed.

## CONCLUSION

**WHEREFORE,** for all of the forgoing reasons, Defendant, CLEAR IMAGE MEDIA GROUP, INC., respectfully requests that this Honorable Court enter an order dismissing Plaintiff's Complaint with prejudice and for whatever other relief that this Court deems just and appropriate.

Respectfully submitted,

ELIZER & MEYERSON, LLC


By:  ___/s/ David S. Meyerson_____
         David S. Meyerson.
         Elizer & Meyerson, LLC
         900 Skokie Blvd., Suite 100
         Northbrook, IL 60062
         ARDC No. 6201629