IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MAX STESEL ) | | |
|       Plaintiff ) | | |
| ) | | |
| vs. ) | 08 cv 2895 | |
| ) | | |
| MEIR S. DUBINSKY and CLEAR IMAGE ) | Judge Gettleman | |
| MEDIA GROUP, INC., an Illinois corporation ) | | |
| ) | | |
|       Defendants ) | | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

NOW COMES the Plaintiff, MAX STESEL, by and through his attorneys, ASHMAN & STEIN, and in response to Defendant CLEAR IMAGE MEDIA GROUP, INC.'s Motion to Dismiss, states as follows:

**INTRODUCTION**

Plaintiff, Max Stesel ("Stesel") filed a five (5) count Complaint against Defendants Clear Image Media Group, Inc. ("Clear Image"), the movant herein, and Clear Image's purported 50% owner, Meir Dubinsky ("Dubinsky"). The Complaint alleges breach of contract (Count I), fraud (Count II), civil conspiracy (Count III), violation of the Securities Act (Count IV), and violation of RICO (Count V). All but Count II are directed at both Defendants.

As set forth in the Complaint, Dubinsky, "as owner of Clear Image Media Group, Inc." promised Stesel that Defendants would use Stesel's $135,000 loan to organize a new company to buy and own moving bill boards upon which Clear Image would lease advertising space to its clients. (Compl. ¶ 8) The "contract" covering this transaction gave Stesel a "preferred dividend" and/or the right and option to acquire 50% of each of the companies which were to formed by the Defendants to own these moving bill boards.

Shortly after Stesel made his $135,000 investment, Stesel's money was gone and Dubinsky filed a Chapter VII Petition under the Bankruptcy Act, indicating that his 50% ownership interest in Clear Image had a value of zero.[1] Clear Image then filed its instant motion pursuant to FRCP Rule 12(b)(6), arguing (presumably in the alternative) that when it comes to Stesel's breach of contract claim, Clear Image is *not* a party to the contract with Stesel; but that when it comes to Stesel's conspiracy claim, Clear Image *is* a party to the contract because it was signed by Dubinsky as its agent.

"On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the compliant, drawing all reasonable inferences in plaintiff's favor." *New Freedom Mortgage Corp. v. C & R Mortgage Corp.,* 2004 WL 783206. *4 (N.D. Ill.) citing *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). "No claim will be dismissed unless it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.,* citing *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984).

**I.    Stesel's Breach of Contract Claim**

First, Clear Image states that the contract among the parties was drafted by Stesel and is ambiguous. Therefore, Clear Image contends, the contract must be construed against Stesel as a matter of law. However, other than the fact that the contract seems to be addressed to Dubinsky and liberally uses pronouns to describe who the parties are, there is nothing in the Complaint, or in the contract document itself, indicating who drafted it. Accordingly, even if this Court were to determine that the contract is ambiguous regarding who its parties are, there is no way to determine

---

[1]    Schedule B of Dubinsky's Petition is attached hereto as Exhibit A.

2

in whose favor any ambiguities should be construed. Dubinsky may very well testify that he drafted the contract.

Second, Clear Image strangely contends that the contract "*appears* to be signed by Dubinsky in his personal capacity and not on behalf of (Clear Image)." Certainly, if Dubinsky actually had signed the contract in only in his personal capacity, nothing kept Clear Image from arguing precisely that. But that's not what Clear Image argues. Rather, Clear Image only argues about what *appears* to be the case. Dubinsky may very well testify that he signed the contract on behalf of Clear Image. There is nothing in the present record defeating that proposition.

Finally, Clear Image argues that because it is "an S-corporation" and the Internal Revenue Code doesn't allow an S-corporation to be the shareholder of another S-corporation, the contract violates federal law and is, therefore, null and void as it relates to Clear Image. However, even if there were a bit of merit to Clear Image's contention, there is, of course, no indication in the Complaint or in the record that Clear Image is either an S-corporation or intended to be a shareholder of any of the S-corporations that it represented would be formed pursuant to the contract.

As a result, none of Clear Image's arguments in support of dismissing Count I of the Complaint are sustainable and, accordingly, Clear Image's motion must be denied as to Count I.

**2. Stesel's Conspiracy Claim**

Here, after arguing that Dubinsky did not *appear* to sign the contract on behalf of Clear Image, Clear Image now argues that Dubinsky signed the contract as Clear Image's agent and, therefore, Count III of the Complaint must fail because an agent and its principal cannot engage in a conspiracy. However, Clear Image again recites an allegation in the Complaint that does simply

does not exist and, also, ignores the plethora of cases holding that a corporation can indeed conspire with an agent when the agent is acting beyond the scope of his authority or for his own benefit rather than that of the principal, *Pink Supply Corp. v. Hiebert, Inc.,* 788 F.2d 1313, 1317 (1986) citing**:** *Green v. Associated Milk Producers, Inc.,* 692 F.2d 1153, 1156-57 (8th Cir.1982); *Morton Buildings of Nebraska, Inc. v. Morton Buildings, Inc.,* 531 F.2d 910, 916-17 (8th Cir.1976).

After incorporating the allegations pertaining to Dubinsky's fraudulent intent and conduct, Count III of Stesel's Complaint alleges that "Dubinsky and Clear Image entered into an agreement to discreetly dispossess Plaintiff of $135,000" [Compl. ¶ 39]. Were Dubinsky to have been acting within the scope of his authority as president of Clear Image when he and Clear Image were in the process of defrauding Stesel, no such agreement among them would have been necessary and, certainly, no such agreement needed to have been plead. The Complaint reflects that Dubinsky was acting beyond his authority as president of Clear Image entered into an agreement with Clear Image to perpetuate the fraud on Stesel. Accordingly, Clear Image's motion with respect to Count III of the Complaint must also fail.

    3.    **Defendant's Securities Act Violations**

The sole basis of Clear Image's motion to dismiss Count IV of the Complaint is that Stesel fails to allege the use of any "instrumentality of interstate commerce... in relation to any alleged securities act violation". In fact, however, Count IV of the Complaint incorporates the allegations of paragraph 7 of the Complaint, which alleges "telephone discussions" related to the securities fraud alleged in the Complaint. Telephones are instrumentalities of interstate commerce. *Gomez v. Leonzo*, 788 F.Supp. 604, 608 (D.D.C 1992). Accordingly, Clear Image's motion also fails as to Count IV of the Complaint.

      WHEREFORE, Plaintiff, Max Stesel, respectfully requests this Honorable Court to strike Defendant Clear Image's Motion to Dismiss and order Clear Image to file an answer to Plaintiff's Complaint within seven (7) days.

                              Respectfully submitted,

                              /s/ Carey M. Stein

                              One of Plaintiff's attorneys

Carey M. Stein  
ASHMAN & STEIN  
150 N. Wacker  
Suite 3000  
Chicago, IL  60606  
312/782-3484

C:\Documents and Settings\All Users\Documents\ACTIVE\stesel v dubisky\Pleadings\Response to Motion to Dismiss.wpd

B6B (Official Form 6B) (12/07)

In re   Meir Shlomo Dubinsky   Miriam Dubinsky                    ,   Case No. _____
                              Debtors                                           (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | **Cash in Debtors' Possession** | J | 10.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking Account** | J | 300.00 |
| Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Savings Account** | J | 500.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | 0.00 | | 0.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Miscellaneous Household Furnishings** | J | 500.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Miscellaneous Books and Pictures** | J | 100.00 |
| 6. Wearing apparel. | | **Miscellaneous Clothing in Debtors' Possession** | J | 250.00 |
| 7. Furs and jewelry. | | | | 0.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | | | 0.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Phoenix Life Insurance Term Policy in Possession of Debtor** | | 0.00 |
| 10. Annuities. Itemize and name each issuer. | | | | 0.00 |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | | | | 0.00 |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | | | 0.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **100% Interest in Shares of Stock in Nu-Way Signs Inc.** | H | 0.00 |
| Stock and interests in incorporated and unincorporated businesses. Itemize. | | **100% Ownership Interest in 2320 Foster LLC** | H | 0.00 |
| Stock and interests in incorporated and unincorporated businesses. Itemize. | | **50% Interest in Clear Image Media Group, Inc.** | H | 0.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | | | | 0.00 |

Ex A